CASE 19—PETITION ORDINARY—SEPTEMBER 7.

# Boswell & Lemmon v. Sheriff.

### APPEAL FROM GRANT CIRCUIT COURT.

A CONSTABLE'S BOND EMBRACES LIABILITIES INCURRED BY HIM AFTER THE BOND WAS EXECUTED.—*The surety is not liable* for money collected by the constable without suit, on claims which were placed in his hands for collection before the bond was executed.

*But the surety is liable* when it is alleged and shown that the money was made by renewing executions, orders of attachment, or other legal process after the execution of the bond; or that the money was made upon execution or other legal process coming into the constable's hands after the execution of the bond.

E. H. SMITH, . . . . . . . . . . . For Appellants,

CITED

2 Metcalfe, 512, Hamilton v. Vail.
1 Duvall, 7, Collier v. Higgins.
Revised Statutes, 1 Stanton, 259.

GEORGE C. DRANE, . . . . . . . . . . For Appellee.

JUDGE LINDSAY DELIVERED THE OPINION OF THE COURT.

The petition in this case alleges that the notes, accounts, etc., were placed in the hands of the constable, Carter, on the first day of July, 1867, and that the appellee, Sheriff, did not become his official surety until the 12th day of August thereafter.

It is also charged that Carter, while he continued to act as constable, collected the claims mentioned in his receipt, and has failed and refused to pay over the amount so collected to the persons entitled thereto.

It is not directly charged that the collections were made after Sheriff became the surety of the constable, and even if this be inferable from the petition, we do not think he can

VOL. VIII.—8

be held liable unless it is shown that the same were made upon executions or other legal process coming into the constable's hands after the 12th of August, 1867.

If the constable collected the claims without suit, even after the new bond was given, he is responsible upon his contract made July 1, 1867, and his violation of that contract can not affect Sheriff.

If the constable incurred new liabilities after the 12th of August by renewing executions, orders of attachment, or other process upon the claims enumerated in his receipt, it should have been so charged in the petition.

Appellee's demurrer was properly sustained.

Judgment affirmed.